

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JFM:DAS  *271 Cadman Plaza East*
F.#2003R00405  *Brooklyn, New York  11201*

January 26, 2012

**BY HAND, EMAIL & ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Myron L. Gushlak
          Criminal Docket No. 03-833 (NGG)

Dear Judge Garaufis:

      The government respectfully submits this letter in advance of the status conference scheduled for the above-captioned matter on Monday, January 30, 2012 at 10:00 a.m.  A Fatico hearing to determine restitution is scheduled for Monday, February 13, 2012.

      On October 24, 2011, the government submitted a brief on restitution which included affidavits from the defendant's co-conspirators describing the fraud, as well as an affidavit describing the defendant's own admissions concerning the fraud. The brief also included a statistical analysis of the loss caused by the fraud, conducted by Dr. David DeRosa.

      On Tuesday, January 24, 2012, the defendant filed a lengthy response in opposition ("the Defense Submission").  Much of the Defense Submission is devoted to an attempt by the defendant to relitigate the facts of the fraud, in which the defendant comes perilously close to denying his guilt altogether, and attacks virtually every fact set forth in the government's affidavits.  As with many of the defendant's assertions throughout the sentencing litigation in this case, the claims in the Defense Submission are distortions, half-truths, or falsehoods.  Indeed, if the defendant's sentencing were still pending, he would risk losing any reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 as a result of these misstatements.  See U.S.S.G. § 3E1.1, application note 1(A)("a

defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."). See e.g., United States v. Kumar, 617 F.3d 612, 636 (2d Cir. 2010)(affirming denial of acceptance points where the defendant "muted the gravity of his complicity in the securities fraud offenses" and filed meritless objections to the PSR).

The defendant attempts to use his factual assertions as a means to undermine Dr. DeRosa's report and analysis, in which Dr. DeRosa noted that Gushlak's fraudulent conduct began in December 1999 and ended in December 2000. In the Defense Submission, Gushlak -- for the first time in the nearly decade-long history of this case -- asserts that the fraud occurred solely in March 2000. While the government is prepared to prove that the fraud occurred through December 2000, as set forth in the affidavits, an evidentiary hearing on this issue is unnecessary and inappropriate.

Gushlak has waived this factual claim, as he conceded that his fraud lasted through December 2000 in both his guilty plea and his May 20, 2011 restitution submission. See Transcript of Guilty Plea, July 22, 2003, at 29:1-5; Gushlak Restitution Submission, Docket Entry 52, May 20, 2011, at 8. In any event, the underlying facts of the fraud are irrelevant to DeRosa's analysis and the issue before the Court at the restitution hearing. Indeed, Dr. DeRosa will testify that, even without any background facts concerning the fraud, his statistical analysis would have concluded that the fraud continued through December 2000.

The sole issue before the Court is whether Dr. DeRosa's statistical analysis meets the government's burden of proof. Towards that end, the remainder of the defendant's contentions will be addressed in a reply report from Dr. Derosa, which the government will submit prior to Dr. DeRosa's testimony.

Respectfully Submitted,

LORETTA E. LYNCH
United States Attorney

By:  /s/ Daniel Spector
     Daniel A. Spector
     Assistant U.S. Attorney
     (718) 254-6345

cc: Alan Futerfas, Esq.
    Brian Rosner, Esq.