# ALAN S. FUTERFAS
ATTORNEY AT LAW

565 FIFTH AVENUE, 7TH FLOOR

NEW YORK, NEW YORK 10017

(212) 684-8400

ELLEN B. RESNICK
MATTHEW C. McCANN

BETTINA SCHEIN
OF COUNSEL

FACSIMILE: (212) 684-5259

asfuterfas@futerfaslaw.com

January 30, 2012

**_By ECF and Telefax to 718-613-2546_**
Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Myron Gushlak, 03 Cr. 833 (NGG)*

Dear Judge Garaufis:

This letter respectfully requests that Your Honor consider that Mr. Gushlak appear for the restitution hearing on February 13, 2012 by video conferencing. There are substantial reasons for this request which are set forth herein.

Your Honor may recall that Mr. Gushlak was sentenced on November 18, 2010. Thereafter, this Court made three rulings with respect to restitution by decisions dated January 14, 2011 (Docket #26), February 24, 2011 (Docket #35), and July 26, 2011 (Docket#58). Meanwhile, counsel sought a requested designation (February 11, 2011)(Docket #34), which the Court granted. Counsel also sought an expedited Judgment and Commitment Order (J&C) so that Mr. Gushlak could be designated and moved from MDC to a designated facility. *See* Letter dated March 17, 2011 (Docket #38). The Court granted the J&C on May 9, 2011 (Docket #46) finding that it retained jurisdiction to issue an amended judgment, and a J&C issued forthwith. (Docket #47).

Nonetheless, Mr. Gushlak was not moved for months necessitating the filing of an Order to Show cause on July 20, 2011 requiring the MDC Warden to show cause why Mr. Gushlak should not be moved to his designated facility. (Docket #56). Mr. Gushlak was finally transferred to his designated facility on or about August 18, 2011 – nine months after he had been sentenced.

Typically, restitution is resolved on or about the time of sentence so that restitution proceedings do not interfere with a defendant's transfer to his or her designated facility for service of sentence. The circumstances here, however, have given rise to unusually complex

ALAN S. FUTERFAS

Hon. Nicholas G. Garaufis
United States District Court
January 30, 2012
Page 2

restitution proceedings. An order of restitution, however, is based on the government's application and establishing its justification is their burden to prove. In other words, this is not Mr. Gushlak's application for affirmative relief.

But the resolution of the government's fourth application for restitution (we long ago objected to any further proceedings after the Court's July 26, 2011 Order) presents a substantial hardship if Mr. Gushlak is physically brought to Court at this point. Experience teaches that Mr. Gushlak may spend many days on BOP buses making the otherwise 3 hour trip from Allenwood, PA to Brooklyn, NY. After the hearing, Mr. Gushlak may spend weeks or more likely months in the MDC before being returned. Getting Mr. Gushlak out of MDC Brooklyn initially took nine months inclusive of the filing of an Order to Show Cause. A move of this nature is very disruptive, particularly since he has only been serving his sentence in his designated facility for about 5 months. And he has had significant access to his attorneys via visits with respect to the restitution proceedings.

Mr. Gushlak has waived his physical presence at the hearing and, so there is no potential for misunderstanding, will sign and submit an affidavit to that effect. In addition, however, Allenwood Low regularly makes use of video conferencing for various court-related matters. One video conference facility is in the attorney visiting room. Mr. Gushlak strongly urges the Court to allow him to participate in the restitution proceedings, which are occurring more than one full year after sentence, via video conference. Given the unusual circumstances here and the potential travel hardship to Mr. Gushlak, video conferencing makes perfect sense.

Courts are beginning to use video conferencing to conduct judicial business, as it "not only saves time and money, but also enhances security by reducing the need to move prisoner participants for hearings." *Edwards v. Logan*, 38 F.Supp.2d 463, 465 (W.D.V.A. 1999) (internal citations omitted). Video conferencing permits the simultaneous transmission of audio and video images, so that all participants are able to hear and see each other at the same time. *Id.* at 467. ("The use of video conferencing technology to permit a prisoner plaintiff's participation in a trial is not only a potential alternative …but appears to present an option which has been and continues to gain growing acceptance").

One factor that courts consider is the expense and security concerns associated with physically bringing an inmate to the proceeding. *Edwards v. Logan*, 38 F.Supp.2d at 467 ("There is no question that the cost of bringing Edwards to trial in Virginia, estimated to be $8,652, is substantial as compared with the cost of video conferencing"…which would "alleviat[e] much of the cost and considerable security risks"), *see, e.g., Thomas v. O'Brien*, 2011 WL 5452012 ("'Writting' prisoners to a distant court entails costs and even danger"); *Twitty v. Ashcroft*, 712 F. Supp. 2d 30, 33 (D. Conn. 2009) (finding expense and security concerns justified presenting

ALAN S. FUTERFAS

Hon. Nicholas G. Garaufis
United States District Court
January 30, 2012
Page 3

inmates plaintiff's appearance by video conference); *United States v. Beaman,* 322 F.Supp.2d 1033, 1034–35 (D.N.D.2004) (permitting live video testimony of government witness at criminal trial).

  Mr. Gushlak has very experienced counsel and, were this a trial or Mr. Gushlak's sentencing on November 17-18, 2011, or perhaps some other proceeding, there would be no question raised as to his attendance. But these circumstances are very, very different. This is the government's fourth attempt to prove restitution and it is occurring over one year after defendant's sentence. Defendant had to make multiple filings to become designated and transferred. He has been at his designated facility for five months. He has a significant interest in remaining at his designated facility and there is corresponding substantial hardship in physically attending the restitution proceedings. And he can participate in the proceedings through video conference.

  For all of these reasons, it is respectfully requested that Mr. Gushlak be permitted to attend the restitution proceeding through video conference.

  Thank you for your attention to this matter.

Respectfully yours,

Alan S. Futerfas

cc: AUSA Daniel Spector (via e-mail and ECF)
   Brian Rosner, Esq. (via e-mail and ECF)