

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DAS                                    *271 Cadman Plaza East*
F.#2003R00405                          *Brooklyn, New York  11201*


February 13, 2012

**BY HAND, EMAIL & ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:  United States v. Myron L. Gushlak
               Criminal Docket No. 03-833 (NGG)

Dear Judge Garaufis:

          Last week, counsel for the defendant notified the
government that Gushlak intends to call two expert witnesses,
Robert Lowry and David Juran, to testify at the restitution
hearing in the above-captioned matter, scheduled for tomorrow,
February 14, 2012.  Although the defense previously submitted an
expert report for Mr. Lowry, that report addressed issues which
are no longer relevant to the instant proceeding.  Yesterday,
counsel for the defendant informed the government that Mr. Lowry
will be testifying concerning entirely new matters not addressed
in his prior expert report.  No new expert report for Mr. Lowry
has been filed.

          The defendant's use of Mr. Lowry in this manner is
contrary to the spirit of the Court's order of July 26, 2011.  In
that order, the Court specified that, if Gushlak wished to call
an expert to testify at the restitution hearing, he must file an
expert report substantially in advance of that hearing.  See
Memorandum and Order, July 26, 2011, Docket Entry 58, at 16.
While Gushlak has complied with this requirement with respect to
Mr. Juran, he has failed to do so with respect to Mr. Lowry.

          Gushlak's failure to comply with the Court's order is
particularly problematic here.  As the government will
demonstrate at the hearing, many of Gushlak's expert's claims may
be superficially appealing, but unravel upon closer examination.
Under such circumstances, forcing the government to cross-examine

Mr. Lowry without the benefit of an expert report on the subject of his testimony puts the government at a substantial disadvantage, as the government may not be in a position to adequately cross-examine Lowry concerning certain statements and conclusions.

The government therefore respectfully submits that the Court should preclude Mr. Lowry from testifying in this matter.

Respectfully Submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/ Daniel Spector
      Daniel A. Spector
      Assistant U.S. Attorney
      (718) 254-6345

cc: Alan Futerfas, Esq.
    Brian Rosner, Esq.