*Elizabeth Berney, Esq.*
*48 Carriage Road*
*Great Neck, N.Y. 11024*
*tel: 516 482-4070 cell: 917 687-8233*
*lizberney@gmail.com*

The Honorable Nicholas G. Garaufis   February 11, 2013
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>Re:  *U.S. v. Gushlak*, 03 CR 833 (NGG) –
>Resubmission of request to unseal documents to provide to counsel for Debbie Gushlak with order to keep non-public documents non-public

Dear Judge Garaufis:

On behalf of my client, Myron Gushlak, in accordance with Your Honor's order dated February 5, 2012, I am respectfully resubmitting the motion to unseal certain documents in order to provide such documents to counsel for Debbie Gushlak in the matter *In re Application of Debbie Gushlak Pursuant to 28 U.S.C. § 1782 For The Taking of Discovery For Use In A Foreign Proceeding*, MC-11-218 (NGG) (JO).  As with the prior motion, this motion again seeks an order to Debbie Gushlak and her counsel to keep confidential from the public the documents that remain non-public in the criminal docket, while permitting Ms. Gushlak to use these documents in her Cayman divorce litigation, ancillary divorce litigation and Liechtenstein litigation against the trust which she established, all of which litigation is confidential.  We also seek to permit Mr. Gushlak to use these documents in the same confidential fora.

For the sake of brevity and efficiency, I incorporate by reference herein the reasons for keeping such documents non-public, set forth in the prior motion and my February 4, 2013 reply letter to Your Honor (Dkt. #111 & #113).

Your Honor's February 5, 2012 Order denied the motion to unseal documents without prejudice because "Defendant Gushlak's submission and proposed order are overly broad and do not specify which documents he moves to unseal," and directed Mr. Gushlak to "resubmit his motion, specifying precisely which documents he seeks.  Defendant Gushlak must further specify, for each document, whether it is: (1) a document he has in his possession that he seeks the court's permission to disclose, or (2) a document he does not have in his possession but seeks from the court records."

The documents or portions of documents which appear to be potentially responsive to the subpoena, which we seek to have unsealed to disclose to Ms. Reich are as follows:

1. Agreement related to forfeiture, etc. – portions pertaining to assets.

2. U.S. DOJ Financial Disclosure form, filled out in pen, signed by Mr. Gushlak on June 30, 2003
3. Typewritten Financial Statement for Myron and Debbie Gushlak as of June 30, 2003
4. Handwritten list of companies and shares
5. Bank account balances statement 7/1/2003 with handwritten figures added
6. Bank account activity statement 7/1/2003 with handwritten items added
7. Transaction History Inquiry with handwritten items added
8. Transaction History Inquiry with handwritten items added
9. Portfolio management new address information
10. Account summary, June 30, 2003
11. Statement of money market deposits, June 30, 2003
12. Safekeeping account, June 30, 2003
13. Transaction history Inquiry (Debbie Gushak) with handwritten note from Ms. Reich
14. Transaction history inquiry (Debbie Gushlak)
15. Transaction history inquiry (D or M Gushlak)
16. Sentencing Memorandum by Alan Futerfas, Submitted under seal – sections on Mr. Gushlak's business activities and investments
17. Sentencing Memorandum by Alan Futerfas, Submitted under seal – sections on Mr. Gushlak's business activities and investments
18. Financial statement update cover sheet
19. U.S. DOJ Financial Statement – first page, filled out in handwriting
20. Annexed Myron and Debbie Gushlak Statement of Affairs as of Oct. 15, 2005
21. U.S. DOJ Financial Statement – appears to be continuation of document #19, filled out in handwriting
22. March 9, 2010 Transcript of Status Conference before Judge Garaufis, section regarding bail bond
23. Amended Stipulation and Order of Settlement of Forfeiture (May 2006)
24. Dec. 4, 2009 Transcript before Judge Garaufis – discussion regarding business model and investments
25. Spreadsheet on share deliveries in German and English
26. Letter from investment management company
27. Transactions details (looks like wire transfers), 2006 & 2007
28. Debit advices (various companies and beneficiaries). 2007
29. Information (U S Attorney Charges)

30. Statement of Tasha LeMay re: Debbie Gushlak's removal of items from marital residence
31. Sealed Transcript of Plea, July 2003 – forfeiture, stock sale and bond sections
32. Transcript of Criminal Cause Proceedings, Dec. 12, 2003 – sections on bail, marital home and mortgage and home construction loan
33. ASF Sentencing Memo, sections regarding accounts, investments and the Oct. 15, 2005 financial statement
34. Transcript Dec 4, 2009 before Judge Garaufis, discussion of accounts and house
35. Unsigned agreement, sections on forfeiture and assets
36. Letter from Debbie Gushlak dated Sept. 2003 regarding bond (and fact that Mr. Gushlak is trustworthy)
37. Letter from third party who secured bail with his primary residence, dated Sept. 2003 regarding bond (and fact that Mr. Gushlak is trustworthy)
38. DOJ Financial Statement, Aug. 3, 2009

Regarding the items which Your Honor's Order of February 7, 2013 directed Mr. Gushlak to further specify: I was provided with access to a copy of the court file via criminal counsel, who has been reviewing the file with the prosecutor (for a final determination as to which documents will remain non-public). I currently possess copies of the above-described documents. There is thus no need to seek items from the records located at the Courthouse.

                          Sincerely,

                          /s/  *Elizabeth Berney*

                          Elizabeth Berney