THE LAW OFFICES OF

# *STEVEN L. KESSLER*

April 10, 2019

**BY ECF**
Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y.  11201

        Re:    *United States v. Gushlak*
                 **Crim. Docket CR-03-833 (NGG)**

Dear Judge Garaufis:

      This office represents Alan S. Futerfas.

      At about 3:30 this afternoon, after a brief call from the civil division AUSA notifying me that his office was filing a letter with Your Honor, we received by email a copy of the government's letter to the Court. Of course, we stand ready to respond in depth to the statements espoused therein. This letter, however, is to make the Court aware of inexcusable conduct by the U. S. Attorney's office, civil division, in filing this letter.

      On or about May 30, 2018, Mr. Futerfas received a letter from the civil division of the U.S. Attorney's office seeking documents to assist their effort to investigate "any property or assets in which Myron Gushlak . . . has or may have had an interest." Of course, Mr. Futeras complied with this request, providing responsive documents, and further informing the government that he has not been in possession of any assets belonging to Mr. Gushlak for at least six years. Additional documents were provided following a second request.

      Additional correspondence between Civil Division AUSA Laserna and Mr. Futerfas' counsel ensued, in which the civil division espoused one theory or another regarding Mr. Futerfas' disbursements of funds as an escrow agent for his client. This office responded, demonstrating in detail the legal and factual errors in the civil division's claims. After not hearing from the civil division for four months, on February 15, 2019, we

100 PARK AVENUE 34TH FLOOR NEW YORK, NEW YORK 10017-5516   TEL: (212) 661-1500   FAX: (212) 297-0777
WWW.KESSLERONFORFEITURE.COM       e-mail: KESSLERONFORFEITURE@MSN.COM

**Hon. Nicholas G. Garaufis** – page 2 –
*April 10, 2019*

received an email from Mr. Laserna, informing us that the civil division intended to file a civil complaint against Mr. Futerfas. Immediately, this office requested a meeting with Mr. Laserna and his supervisor. That meeting took place at the U.S. Attorney's office, Civil Division, on February 26, 2019.

During that meeting, the government was informed that, among other things, Mr. Futerfas and his then co-counsel consulted with two legal experts, one of whom is a noted ethics scholar and tenured law school professor, and received ethics advice regarding the very matters the civil division was now claiming were improper. During the meeting, the supervisor said he found that information to be highly relevant to whether his office would pursue an action against Mr. Futerfas. Mr. Futerfas' counsel requested a second meeting, this time with supervisors, and received confirmation that the civil division would take no action until the parties met again.

Subsequently, the parties exchanged emails regarding a date for the second meeting. On March 4, Mr. Laserna emailed counsel that his office was unavailable on the suggested dates, but he was "looking at dates . . . for a potential meeting and we'll get back to you shortly."

After more than a week without a response, on March 13, Mr. Futerfas' counsel proposed additional meeting dates via email and stated that, as was "discussed during our meeting on February 26th, we have additional facts regarding expert legal advice received by Mr. Futerfas at that time, as well as significant legal research relating to issues you raised at our initial meeting." (emphasis added) The email also confirmed "our agreement that your office will take no action prior to further meetings and discussions of this matter."

There was no further communication from the civil division until just minutes before the filing today, when the undersigned received a call notifying us that the civil division had decided not to file a civil action at this time, but would instead be filing a letter with the Court. This was a complete surprise to us, especially in light of the ongoing discussions with that office and the evidence of expert consultation and legal authority we were going to present to that office. Moments after the call ended, the letter to the Court was filed.

To file an accusatory submission which is utterly lacking in legal support against an attorney is inexcusable. As the Court is aware, there is robust jurisprudence on matters involving attorney escrow accounts and transfers under debtor-creditor law. Remarkably, the civil division addresses none of this jurisprudence in its letter. That is not surprising from our point of view, because the civil division has never responded to any of the legal

**Hon. Nicholas G. Garaufis** — *page 3* —
**April 10, 2019**

arguments presented in our letters.

 During the past year, in addition to meetings, we provided substantive letters citing significant legal authority addressing and refuting their evolving theories. With each new theory that the civil division floated, we demonstrated why it was inapplicable under the law and facts in this case.

 We further advised that Mr. Futerfas and his then co-counsel had consulted with two legal experts regarding transfers from his client's escrow account.

 Until today, we were assured of an opportunity to present this proof before the civil division took any adverse action. Yet the government denied us that opportunity before filing this letter. Simply put, the civil division failed to honor its agreement.

 We are prepared to respond in depth to the civil division's letter should the Court so desire. Aware of the procedural posture of this matter and the shock this filing was to us and undoubtedly to the Court, we wanted to present Your Honor with some background as Your Honor consider's today's submission.

       Respectfully submitted,

       *Steven L. Kessler*

SLK:rmaf
cc: Counsel of record *(by ECF)*