

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AL/WK/BS:KMT  　　　　　　　　　　　　　　　　　　　*271 Cadman Plaza East*
F. #2011R00826　　　　　　　　　　　　　　　　　　　*Brooklyn, New York 11201*

July 22, 2019

<u>By ECF</u>

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　　　Re:　　United States v. Myron L. Gushlak
　　　　　　　　　　 <u>Criminal Docket No. 03-0833 (NGG)</u>

Dear Judge Garaufis:

　　　　　We write to update the Court following the letter filed on June 25, 2019 by Ronald Fischetti, Esq., on behalf of his client, Alan Futerfas, Esq., in which Mr. Fischetti suggested that the parties are currently engaged in "efforts . . . to resolve this matter." (ECF Dkt. No. 152). The parties are not actively engaged in discussions at this time. In any event, as the government indicated to Mr Fischetti in the attached letter dated July 12, 2019, in the government's view, any potential resolution between Mr. Futerfas and the Civil Division of the U.S. Attorney's Office for the Eastern District of New York (the "Office") would not relieve the Office of its obligation to the Court under New York State Rule of Professional Conduct 8.3(a). Nor would it deprive the Court of its authority to conduct contempt proceedings, although the Court could, of course, consider any such resolution in determining whether and what remedial actions are necessary. Accordingly, the government

Hon. Nicholas G. Garaufis
July 22, 2019
Page 2

respectfully submits that there is no legal or factual reason to delay any proceedings that the Court determines are warranted in light of the conduct described in the government's previous filings.

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney

By:           /s/
                                        Whitman G.S. Knapp
                                        Kevin Trowel
                                        Assistant U.S. Attorneys
                                        (718) 254-6107 / 6469

Attachment

# ATTACHMENT



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AL/WK/BS:KMT
F. #2011R00826

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 12, 2019

<u>By E-mail</u> (rpfischetti@gmail.com)

Ronald Fischetti, Esq.
747 Third Avenue, 20th floor
New York, New York 10017

        Re:    United States v. Myron L. Gushlak
                 Criminal Docket No. 03-0833 (NGG)

Dear Mr. Fischetti:

        We write to follow up on the June 25, 2019 telephone call between you and AUSAs Whitman Knapp and Kevin Trowel. During that call, and in subsequent telephone messages, you requested an opportunity to meet with representatives from the Civil Division of the U.S. Attorney's Office for the Eastern District of New York (the "Office") in connection with its investigation of your client, Alan Futerfas, Esq. During the call, you expressed an interest in reaching a settlement of the Civil Division's investigation of your client's conduct as described, in part, in the government's April 10, 2019 letter to the Court in the above-captioned matter (the "April 10 Letter"). (ECF Dkt. No. 144). You further expressed your hope that a settlement of the Civil Division's investigation would result in the Office withdrawing or otherwise modifying its position as set forth in the April 10 Letter, and your hope that a representative of the Criminal Division of this Office would be present at any meeting to reach a settlement of the Civil Division's investigation.

        It is important that we reiterate here our understanding of the relationship between the Civil Division's investigation and the April 10 Letter as AUSAs Knapp and Trowel outlined it during the June 25, 2019 call. The purpose of the April 10 Letter was to alert the Court to your client's violation of the New York Rules of Professional Conduct, to discharge the Office's obligation under New York Rule of Professional Conduct 8.3(a), and to inform the Court that the government is prepared to appear in connection with contempt proceedings if the Court determines that such proceedings are warranted.

        As further explained during the June 25, 2019 call, based on the government's understanding of your client's conduct, we do not believe that a settlement with the Civil Division would relieve the Office of its obligation to the Court under Rule 8.3(a). (<u>See</u> ECF Dkt. No. 144 at n.1). Nor do we believe that resolution of the Civil Division's investigation would deprive the Court of its authority to conduct contempt proceedings. In other words, we

Ronald Fischetti, Esq.
July 12, 2019
Page 2

cannot anticipate that a settlement with the Civil Division would alter the Office's understanding of the facts that led the Office to file the April 10 Letter, and we similarly cannot anticipate that it would provide a basis to withdraw or otherwise modify the content of that letter. As explained during our June 25, 2019 call, the Office would of course report any settlement between your client and the Civil Division to the Court for its consideration with respect to any ongoing proceedings.

A meeting with the Civil Division will not be productive until such time your client produces the following materials, which relate to factual assertions made by your client and Steven Kessler, Esq., to the Court in letters filed in the above-captioned matter and also to the Civil Division in the course of its investigation:

- All documents in your client's possession, custody and control that are responsive to the Civil Division's May 30, 2018 letter;[1]

- All documents in his possession, custody and control that contain or relate to instructions from any person other than Myron Gushlak concerning the disposition of funds in which Mr. Gushlak had or has interest;

- Unredacted versions of all documents previously produced to the Civil Division in redacted form in connection with its investigation, or redacted versions with a privilege log setting forth the legal basis for such redactions;

- All attorney billing records for legal services your client provided to Myron Gushlak; and

- All attorney billing records in your client's possession, custody and control that relate to legal services provided to Myron Gushlak by Brian Rosner, Wenger & Vieli Ltd., and Samson & McGrath.

The above documents will be necessary to further develop the factual record and will aid the parties in any future discussion related to the Civil Division's investigation. The Office reserves the right to request further documents and information in connection with this matter.

---

[1] The May 30, 2018 letter is attached as Exhibit A. The Office notes in particular that your client has not produced any documents responsive to the second category set forth in the Civil Division's May 30, 2018 letter, i.e., those that "contain or relate to Mr. Gushlak providing instructions concerning the disposition of funds in which he had or has interest."

Ronald Fischetti, Esq.
July 12, 2019
Page 3

In sum, a meeting with the Civil Division will be appropriate, and can be scheduled, only after your client has provided the records detailed above. Additionally, a representative of the Criminal Division can be included in any such meeting to ensure that the Criminal Division is fully apprised of your view of the facts.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By: _____
Whitman G.S. Knapp
Kevin Trowel
Assistant U.S. Attorneys
Criminal Division
(718) 254-6107 / 6469

Beth Schwartz
Assistant U.S. Attorney
Chief, Financial Litigation Unit
Civil Division
(718) 254-6017

EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 30, 2018

By Regular Mail and E-Mail

Alan S. Futerfas, Esq.
565 Fifth Avenue, 7th Floor
New York, NY 10017
asfuterfas@futerfaslaw.com

> Re: *United States of America v. Myron L. Gushlak,*
> Criminal Docket No. CR-03-833 (NGG) (E.D.N.Y.)

Dear Mr. Futerfas:

Under Federal statutory authority, this office is presently investigating any property or assets in which Myron Gushlak, the defendant in the above-referenced case, has or may have had an interest. We are aware that you previously represented Mr. Gushlak in connection with the above-referenced case as well as other matters. In furtherance of our financial investigation of Mr. Gushlak, we are requesting that you provide the following documents in your possession, custody or control:

1. Bank records (including, but not limited to, account statements, documents related to wire transfers, and canceled checks) for any accounts (including, but not limited to, IOLA accounts, attorney escrow accounts, trust accounts of any type, accounts for which you may have had power of attorney for the benefit of Mr. Gushlak, personal accounts, accounts which were or are held at Signature Bank, and accounts related to account number 1500170545) which at any point contained funds in which Mr. Gushlak had or has an interest. The term "had or has an interest" should be construed as broadly as possible, to include, but not be limited to, previously or currently having the authority or ability to access the funds, use the funds, or direct others to access or use the funds.

2. Any documents (including letters, e-mails, text messages, memos-to-the-file, etc.), redacted for any appropriate assertion of privilege, which contain or relate to Mr. Gushlak providing instructions concerning the disposition of funds in which he had or has interest.

We request that you provide any documents responsive to this request for the time-period from January 1, 2008, through the present. This request for documents is not intended to include itemized billing records or specific detail as to work performed, or any attorney-client communications pertaining to legal advice, in relation to Mr. Gushlak

We request that you provide a privilege log for any documents withheld, or information redacted, based on an assertion of privilege. The privilege log should comply with Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

If you have any questions or concerns regarding this matter, please do not hesitate to contact the undersigned. Your response to this letter on or before Wednesday, June 6, 2018, is requested. Thank you for your consideration of this matter.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By: _____
Peter A. Laserna
Assistant U.S. Attorney
(718) 254-6152

2